JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Samuel L. Batson, appeals from the judgment of the trial court adjudicating him a sexual predator. In his single assignment of error, he contends that the state failed to present clear and convincing evidence to support the trial court's sexual-predator finding. We disagree.
In 1996, Batson, after offering to act as a bootleg cab service, picked up a woman who had missed her bus outside of a downtown Cincinnati bar. The woman, who had consumed three vodka drinks, voluntarily went to Batson's apartment, where she imbibed two gin drinks and then left with Batson. Batson drove her to a parking lot and asked her to have sex with him. When she refused, he threatened her with a hammer. Batson then drove the woman, who discovered that she could not unlock her door, around the downtown area until daylight. Along the way, he took some of her jewelry and informed her that he still planned to have sex with her. Finally, he choked her to the point that she momentarily passed out. He then drove her to another parking lot and began to unfasten her clothes while threatening to murder her if she resisted. The woman then bravely grabbed the keys out of the ignition and threw them out the window while also managing to honk the horn. Batson, who had first punched the woman in the eye, fled from the vehicle when the horn sounded, warning the victim not to call the police.
Batson was later apprehended and found guilty of kidnapping, robbery, and attempted rape. This court upheld his convictions in State v. Batson
(Mar. 6, 1998), 1st Dist. No. C-961093.
Classifying Batson as a sexual predator, the trial court stated that it was basing its decision, in part, on his criminal record, which included prior convictions for sexual imposition and corruption of a minor. The trial court also noted that prison records indicated that Batson had made "repeated attempts to gain sexual favors, money or personal property" from two inmates. The court noted as well that Batson had displayed cruelty toward the victim of the attempted rape, and that he had, in fact, inflicted physical harm on her. Discussing these factors and all the statutory criteria, the trial court concluded that there was clear and convincing evidence that Batson was sexual predator.
A sexual predator is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). In determining whether an offender convicted of a sexually-oriented offense is a sexual predator, the trial court must consider the evidence under the legislative guidelines in R.C.2950.09(B)(2). The weight, if any, to be given to the statutory factors is within the trial court's discretion. State v. Crooks,152 Ohio App.3d 294, 2003-Ohio-1546, 787 N.E.2d 678, ¶ 14, citingState v. Thompson (2001), 92 Ohio St.3d 584, 587, 2001-Ohio-1288,752 N.E.2d 276.
To determine if the trial court's finding of the offender's likelihood of recidivism is supported by clear and convincing evidence, an appellate court must conduct its own review of "the evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc.," presented at the sexual-predator-classification hearing. State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881. Since the trial court is vested with broad discretion in evaluating the evidence of recidivism under the legislative guidelines, an appellate court must be deferential to the trial court's findings unless they are clearly erroneous. Statev. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122.
There is no dispute that Batson's attempt at rape was a sexually-oriented offense. As to his likelihood of recidivism, we hold that the trial court's findings were not clearly erroneous and were a proper exercise of its broad discretion to evaluate the evidence under the legislative guidelines. Batson's assignment of error is, therefore, overruled.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Hendon, JJ.